**O'BRIEN, BELLAND & BUSHINSKY, LLC**
509 S. Lenola Rd., Building 6
Moorestown, New Jersey 08057
(856) 795-2181
By:   Mark E. Belland, Esquire
      David F. Watkins Jr., Esquire
      Matthew B. Madsen, Esquire

*Attorneys for Petitioner*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS, LOCAL UNION NO. 351,<br><br>*Petitioner,*<br><br>v.<br><br>KN ELECTRICAL CONTRACTOR, INC., d/b/a KN ELECTRICAL,<br><br>*Respondent*. | CIVIL ACTION NO.<br><br><br>Hon.<br><br>**PETITION TO CONFIRM ARBITRATION AWARDS AND ORDERS AND FOR ENTRY OF JUDGMENT** |

The International Brotherhood of Electrical Workers, Local 351 ("Petitioner" or "Local 351"), by their undersigned attorneys, as and for its Petition, alleges and says:

**PETITION TO CONFIRM ARBITRATION AWARDS**

1.  Petitioner moves before this Court for an Order, pursuant to the Federal Arbitration Act, 9 U.S.C. §§ 9 and 13 ("FAA"), confirming the awards of the Labor-Management Committee ("LMC") in the matter of the arbitration between Petitioner and Respondent KN Electrical Contractor, Inc., d/b/a KN Electrical ("Respondent" or "KN Electrical"), and directing that judgment be entered against Respondent. This Petition is made on the following grounds.

## PARTIES

2.  At all times relevant, Petitioner was and is a labor organization within the meaning of Section 2(5) of the Labor Management Relations Act, 29 U.S.C. § 152(5) ("LMRA"). Petitioner maintains a principal place of business at 1113 E. Black Horse Pike, Hammonton, New Jersey 08037.

3.  Upon information and belief Respondent is a corporation that maintains or maintained its principal place of business at 320 S. Shore Road, Suite C, Marmora, New Jersey 08223.

## JURISDICTION AND VENUE

4.  This Court has jurisdiction under Section 301 of the LMRA of 1947, as amended, 29 U.S.C. § 185, and the FAA, 9 U.S.C. §§ 1-13. Although the LMRA grants subject-matter jurisdiction over this action, the FAA still applies. JNESO Dist. Council 1 v. Virtua Health, Inc., No. 19-09236 (RBK/JS), 2019 U.S. Dist. LEXIS 182127, at *4-5 (D.N.J. Oct. 21, 2019) (a copy of which is attached to the Watkins Cert. as Exhibit L). "In this Circuit, however, the FAA applies to collective bargaining agreements." Teamsters Local 331 v. Phila. Coca-Cola Bottling Co., Civil Action No. 06-6156, 2007 U.S. Dist. LEXIS 93578, 2007 WL 4554240, at *3 (D.N.J. Dec. 20, 2007) (citing, Tenney Eng'g, Inc. v. United Elec. Radio & Machine Workers of Am., Local 437, 207 F.2d 450 (3d Cir. 1953)) (a copy of which is attached to the Watkins Cert. as Exhibit M). Venue is proper in this District pursuant to 29 U.S.C. 1332(e)(2), because Petitioner maintains its principal offices in New Jersey and the underlying arbitration took place in New Jersey.

## THE PARTIES' OBLIGATIONS AND RELATIONSHIP BY AND THROUGH THE COLLECTIVE BARGAINING AGREEMENT

5.  On or about May 15, 2018, KN Electrical's owner and principal, Dennis Kleiner, signed a Letter of Assent ("LOA") by which KN Electrical agreed to comply with and be bound

1

to the terms of a Collective Bargaining Agreement and all addendums ("CBA") with Local 351. True and Correct copies of the CBA, addendums, and the LOAs are attached to the Certification of David F. Watkins Jr. ("Watkins Cert."), as Exhibits A, B, and C, respectively.

6. Respondent is bound to the terms of the CBA, including that grievances and disputes between the parties shall be referred to and heard by a LMC. See Watkins Cert., Exhibit A, sections 1.5-1.9. "In the absence of a deadlock, the Labor Management Committee's decision ***shall be final and binding***." Id. (emphasis added).

7. The Labor-Management Committees authorized by CBAs, such as the LMC in this matter, are arbitrators for purposes of Federal Labor Law and the FAA. See e.g., IBEW, Local Union 269 v. Lighton Indus., Civil Action No. 10-2473 (FLW), 2010 U.S. Dist. LEXIS 128314 (D.N.J. Dec. 6, 2010). A copy of this decision is attached as Exhibit J to the Watkins Cert.

8. In the instant matter KN Electrical has violated numerous provisions of the parties' CBA, including but not limited to provisions dealing with the proper reporting of hours worked, the referral procedure for employment, and the remittance of contributions to various fringe benefit funds. Watkins Cert., Exhibits A and B.

9. By correspondence dated May 7, 2021 Local 351's accountant requested various documents from KN Electrical as part of a review to ensure that KN Electrical was complying with its obligations under the terms of the CBA. KN Electrical failed to provide the vast majority of the documentation requested.

**THE ARBITRATION AWARDS WHICH PETITIONER SEEKS
THIS COURT TO CONFIRM**

10. On September 13, 2021, Local 351 filed a grievance with the LMC alleging that KN Electrical violated numerous provisions of the CBA, including utilizing labor outside of the Union's referral system, not paying appropriate wages, and not remitting fringe benefit

contributions, *i.e.,* violations of Article II, Section 2.9, and subsections 2.9a, 2.9b and 2.9c, Article IV, Sections 4.2 and 4.4 and Article VI in its entirety. Watkins Cert., Exhibit D.

11. The LMC sent KN Electrical a correspondence on September 15, 2020 identifying all of the provisions in the CBA (Article II, Section 2.9, and subsections 2.9a, 2.9b and 2.9c, Article IV, Sections 4.2 and 4.4 and Article VI in its entirety) which KN Electrical was accused of violating. Watkins Cert., Exhibit E. The correspondence also informed KN Electrical that the LMC hearing was scheduled for September 23, 2021 at 10:00 a.m. Id.

12. Upon request from KN Electrical, the hearing was rescheduled and held on October 20, 2022.

13. Representatives of Local 351 attended the LMC hearing and presented evidence and testimony. KN Electrical owner, Dennis Kleiner, attended the LMC hearing and also presented evidence and testimony. An Accountant Report was also presented and submitted setting forth the lost wage hours and dollar value of unremitted fringe benefit contributions owed by KN. Watkins Cert., Exhibit F.

14. On October 22, 2021, the LMC issued a Decision and Award, which was served upon Mr. Kleiner. The Decision and Award found, directed and ordered the following:

> 1) The Labor-Management Committee is unanimous in its decision that K.N. Electric is in violation of Employer Rights-Union Rights, Article II, Section 2.9, and subsections 2.9a, 2.9b and 2.9 c. Referral Procedure, Article IV, Sections 4.2 and 4.4. Benefits, Article VI in its entirety.
>
> 2) The existing audit is accepted as written with the exception that a rebuttal from the contractor is possible.
>
> 3) Any and all objections or appeals to the audit must be directed to the auditor within 30 days of receipt of this letter.
>
> 4) Mr. Knecht Jr., and Mr. Cosner must be copied on all audit correspondence.

3

    5) The audit must be brought up to date to include but not limited to 2021.

    6) If no written response is received by the auditor within 30 days, the audit will stand as written.

    7) Effective immediately, K.N. Electric will abide by all language within the Collective Bargaining Agreement.

    8) All audit fees and legal fees shall be paid by K.N. Electric as per the trust fund audit language.

Watkins Cert., Exhibit F.

15. The Decision and Award was duly served upon Respondent. Despite the Decision and Award requiring a 30-day response to the accountant's report, Respondent requested and was provided additional time, until December 15, 2021 to respond to the report. Respondent did respond with an accounting report authored by Dennis Kleiner's uncle, an accountant. See Watkins Cert., Exhibit I.

16. The LMC reconvened on February 28, 2022 to review additional financial information submitted by KN Electrical, as well as a response letter submitted by the Union's accounting firm. Watkins Cert., Exhibit G.

17. The LMC issued a Decision and Order on March 7, 2022 regarding the damages owed by KN Electrical. The Decision and Order found, directed and ordered the following:

> First and foremost, the decision and order from the Labor Management hearing on October 20, 201, stands as written with the following exceptions:
>
> 1) After reviewing the letter dated February 22, 2022, from the accounting firm of MSPC, the committee has agreed that given the lack of required information, the audit may be recalculated removing all "A" ticket journeyman and utilizing CE/CW labor in its place.

4

2) The 30 day rebuttal process is removed from this decision given that the committee has agreed to drastically reduce the labor calculation.

3) A new audit figure will be calculated including attorney and audit fees. Payment will be due within 10 days of receipt by KN Electric.

Watkins Cert., Exhibit G.

18. The new accountant's report using rates set forth in the Construction Electrician / Construction Wireman Agreement was prepared by MSPC as requested by the LMC.

19. The LMC then issued a Decision and Order on March 25, 2022 regarding the final damages calculation. The Decision and Order found, directed and ordered the following:

> All previous decisions and orders shall remain in place with the following additions:
>
> 1) The committee agrees to adopt the audit report from MSPC dated 3/21/2022 as the final report with no exceptions.
>
> 2) The committee reaffirmed that residential work is covered by the inside Collective Bargaining Agreement.
>
> 3) KN Electrics rebuttal from Irving Allen Kleiner dated 12/1382021, is not acceptable or credible.
>
> 4) The Labor-Management Committee concludes that the amount reported by MSPC's revised audit dated 3/21/2022 is the amount to be paid.

Watkins Cert., Exhibit I.

20. The March 31, 2022 MSPC Report adopted by the LMC found KN Electrical owed the following:

- Total Benefits Due        $489,425.12
- Total Wages Due           $871,741.16
- Audit Cost                $5.000.00

5

- Total $**1,366,166.28**

Watkins Cert., Exhibit H.

21. The LMC had the authority to make the Awards pursuant to the CBA and the Awards draws their essence from the CBA. <u>Veeder Root Co. v. Local 6521</u>, 293 Fed. Appx. 924, 925 (3d Cir. 2008) (a copy of which is attached to the Watkins Cert. as Exhibit K); <u>Sheet Metal Workers Int'l Ass'n, Local Union No. 33 v. Beckley Mech., Inc.</u>, 803 F. Supp. 2d 511, 512 (S.D. W. Va. 2011) (The parties' collective bargaining agreement provided an adjustment board with the authority to issue its award and the award drew from the essence of the agreement because there was no basis to find that the board crossed the line and issued an award according to its own notion of fairness where the award was based in part on the employer's failure to provide the board with sufficient documentation to fashion a complete award of damages).

22. The Awards were duly served upon Respondent via email and mail. Watkins Cert., Exhibit I. Notwithstanding the Award, notice of same, and demand for compliance therewith, Respondent has failed and refused in all respects; and continues to fail and refuse in all respects, to comply with Awards issued by the LMC.

23. This Petition is timely because it is filed within one year after the Arbitration Awards were made.

24. Respondent has not and now cannot file a Petition to Revoke, as over three (3) months have elapsed from the issuance of the Arbitration Awards.

**WHEREFORE**, Petitioners pray for the following relief:

(a) An Order confirming the Arbitration Awards dated October 22, 2021, March 7, 2022, and March 25, 2022;

  (b)  Entry of a judgment against Respondent; or decree by the clerk, which may be enforced as any other judgment or decree;

  (c)  Costs of this petition and of all subsequent proceedings and disbursements including, but not limited to, this court's filing fee;

  (d)  Costs, attorney's fees, and interest thereupon, as provided by law; and

  (e)  Such other relief as the Court deems equitable.

**O'BRIEN, BELLAND & BUSHINSKY, LLC**

*Attorneys for Petitioner IBEW Local 351*

By: /s/ David F. Watkins Jr., Esquire
   Mark E. Belland, Esquire
   David F. Watkins Jr., Esquire
   Matthew B. Madsen, Esquire
   509 S. Lenola Rd., Building 6
   Moorestown, New Jersey 08057
   856-795-2181
   mbelland@obbblaw.com
   dwatkins@obbblaw.com
   mmadsen@obbblaw.com

Dated: July 26, 2022